UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODRIGO GERARD MARATUECH
ARENAS,

        Petitioner,

    v.                        Case No.:  2:26-cv-00617-SPC-DNF

KRISTI NOEM *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are Rodrigo Gerard Maratuech Arenas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Maratuech Arenas's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Maratuech Arenas is a native and citizen of Peru who entered the United States with a B2 visitor visa on August 11, 2015.  He overstayed his visa and applied for asylum.  The application remains pending.  On January 21, 2026, Maratuech Arenas was arrested pursuant to a warrant for failure to appear at a traffic hearing.  He has no other criminal history.  Immigration and Customs Enforcement took custody of Maratuech Arenas and issued a notice to appear. In a custody redetermination hearing held on February 9, 2026, an

immigration judge took no action.  Maratuech Arenas is currently detained at Alligator Alcatraz.

The respondents argue that the Court does not have jurisdiction to review an immigration judge's bond determination, and that the proper way to challenge denial of bond is appeal to the Board of Immigration Appeals.  That is generally true but inapplicable here.  The immigration judge did not deny Maratuech Arenas's request for release on bond.  Rather, his order merely says, "No action."  (Doc. 7-1 at 8).  As the Court knows from the recent deluge of immigration habeas cases, that is normally how immigration judges dispose of bond requests when they find a lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  A "no action" disposition indicates the immigration judge did not consider the detainee's bond request.

As a noncitizen detained under § 1226(a), Maratuech Arenas has a right to an individualized bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]  The immigration judge's "No action" order shows that he has not yet received one.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.  And a circuit split is likely.  In

The Court will thus order the respondents to either bring Maratuech Arenas before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Maratuech Arenas's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  If the respondents are unable to ensure Maratuech Arenas receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Rodrigo Gerard Maratuech Arenas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Maratuech Arenas for an individualized bond hearing before

---

a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

an immigration judge or (2) release Maratuech Arenas under reasonable conditions of supervision.  If the respondents release Maratuech Arenas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 18, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties or Record

4